# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

Fill in this information to identify your case:

Debtor 1: Yvonne DeCarlo Johnson
Name: First Middle Last

Debtor 2:
(Spouse, if filing) Name: First Middle Last

Case number (If known): 20-01344-DSC-13

Check if this is an amended plan ☑
Amends plan dated: Apr 2, 2020

# Chapter 13 Plan

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase money security interest, as set out in Part 3, § 3.4.

☐ The plan sets out nonstandard provision(s) in Part 9.

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

$ 480.00 per month for 60 months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2** Regular payments to the trustee will be made from future income in the following *manner (check all that apply):*

☐ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:

_____

☑ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment) _____

Chapter 13 Plan          Page 1 of 6

Case 20-01344-DSC13    Doc 25    Filed 06/22/20    Entered 06/22/20 17:23:42    Desc Main
Document    Page 1 of 9

Debtor(s): Yvonne DeCarlo Johnson     Case number: _____     Eff (01/01/2019)

### 2.3 Income tax refunds and return. *Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

☑ Debtor(s) will treat income tax refunds as follows:

Debtor will not receive income tax refunds due to owing taxes.

☐ Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

### 2.4 Additional Payment. *Check all that apply.*

[ ] **None.** Proceeds of a claim or lawsuit pending with the EEOC will be paid to the Chapter 13 Trustee.

### 2.5 Adequate Protection Payments.

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3: Treatment of Secured Claims

### 3.1 Maintenance of payments and cure of defaults, if any, on long-term secured debts. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ Debtor(s) or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Collateral | Estimated Amount of Creditor's Total Claim | Current Installment Payment (including escrow) | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|---|
| Mr. Cooper | Homestead | $185,772.00 | $1,156.00 Disbursed by: Debtor(s) To begin: May 2020 | ~~$0.00~~ $1566 | ~~0~~ 1 | ~~$0.00~~ 30 | ~~N/A~~ upon confirmation |

### 3.2 Request for valuation of security, claim modification, and hearing on valuation. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

### 3.3 Secured claims excluded from 11 U.S.C. § 506 and fully secured claims. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

Case 20-01344-DSC13    Doc 25    Filed 06/22/20    Entered 06/22/20 17:23:42    Desc Main
Document    Page 2 of 9

☑ The claims listed below:
  1. were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor(s), or
  2. were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value, or
  3. are fully secured.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee as specified below. Unless otherwise ordered, the status and amount stated on a proof of claim or amended proof of claim controls over any contrary amount listed below as to the estimated amount of the creditor's total claim, but the interest rate is controlled by the plan.

The holder of any claim listed below will retain the lien until the earlier of:

  (a) payment of the underlying debt determined under nonbankruptcy law, or

  (b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|
| Santander Consumer USA | $128.00 | $11,077.00 | 2017 Dodge Caravan | $12,600.00 | 6 % | ~~$300.00~~ $365 | upon confirmation |

**3.4 Section 522(f) judicial lien and nonpossessory, nonpurchase money ("Non-PPM") security interest avoidance.** *Check all that apply.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

Debtor(s): Yvonne DeCarlo Johnson      Case number: _____      Eff (01/01/2019)

### 3.5 Surrender of collateral. *Check one.*

- [x] **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

### 4.1 General.

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

### 4.2 Chapter 13 case filing fee. *Check one.*

- [x] Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
- [ ] Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

### 4.3 Attorney's fees.

The total fee requested by Debtor(s)' attorney is $ 3,500.00. The amount of the attorney fee paid prepetition is $ 0.00.

The balance of the fee owed to Debtor(s)' attorney is $ 3,500.00, payable as follows (*check one*):

- [x] $ *300* at confirmation and $ ~~125~~ *$50* per month thereafter until paid in full, or
- [ ] in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

### 4.4 Priority claims other than attorney's fees and domestic support obligations. *Check one.*

- [ ] **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
- [x] The other priority claims are listed below. Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

| Name of Creditor | Estimated Amount of Claim to be Paid | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|
| Internal Revenue Service | $ ~~2,700.00~~ *$140.00* | $ 0.00 | N/A |

### 4.5 Domestic support obligations. *Check one.*

- [x] **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

### 5.2 Percentage, Base, or Pot Plan. *Check one.*

- [ ] 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.

Case 20-01344-DSC13   Doc 25   Filed 06/22/20   Entered 06/22/20 17:23:42   Desc Main
Document      Page 4 of 9

Debtor(s): Yvonne DeCarlo Johnson     Case number: _____     Eff (01/01/2019)

☑ **Percentage Plan.** This plan proposes to pay __13__ % of each allowed nonpriority unsecured claim.

☐ **Pot Plan.** This plan proposes to pay $ _____ , distributed pro rata to holders of allowed nonpriority unsecured claims.

☐ **Base Plan.** This plan proposes to pay $ _____ to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan.

**5.3 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

☑ None. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**5.4 Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

☑ None. *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

**5.5 Other separately classified nonpriority unsecured claims.** *Check one.*

☑ None. *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured. *Check one.*

☑ None. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2** The executory contracts and unexpired leases listed below are rejected. *Check one.*

☑ None. *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

### Part 7: Sequence of Payments

**7.1** Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

### Part 8: Vesting of Property of Estate

**8.1 Property of the estate will vest in Debtor(s)** *(check one):*

☑ Upon plan confirmation.

☐ Upon entry of Discharge.

### Part 9: Nonstandard Plan Provisions

☑ None. *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

## Part 10: Signatures

**Signature(s) of Debtor(s) (required):**

x  /s/ Yvonne DeCarlo Johnson    Date  June 22, 2020

x  _____    Date

**Signature of Attorney for Debtor(s):**   x  /s/ Daisy M. Holder    Date  June 22, 2020

Name/Address/Telephone/Attorney for Debtor(s):

Daisy M. Holder, Attorney at Law
505 20th Street North, Suite 1625
Birmingham, Alabama 35203-2605

Telephone #: (205) 251-2334

By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June, 2020, I electronically filed the foregoing Amended Chapter 13 Plan with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bradford W. Caraway, Trustee
Chapter 13 Bankruptcy Cases
Northern District of Alabama
P.O. Box 10848
Birmingham, AL 35202

and I hereby certify that on the 22nd day of June, 2020, I served a copy of the foregoing Amended Chapter 13 Plan upon the creditors listed on attached Matrix, by depositing a copy of the same in the United States mail, properly addressed and postage prepaid.

/s/ Daisy M. Holder
Daisy M. Holder
Attorney for Debtor

Daisy M. Holder
Attorney at Law
1625 Financial Center
505 20th Street North
Birmingham, Alabama 35203-2605
TELEPHONE: (205) 251-2334
FACSIMILE: (205) 328-8060
E-MAIL: holderesq@aol.com

```
Label Matrix for local noticing         PRA Receivables Management, LLC        U. S. Bankruptcy Court
1126-2                                  PO Box 41021                            Robert S. Vance Federal Building
Case 20-01344-DSC13                     Norfolk, VA 23541-1021                  1800 5th Avenue North
NORTHERN DISTRICT OF ALABAMA                                                    Birmingham, AL 35203-2111
Birmingham
Fri Jun 12 15:37:45 CDT 2020

AT&T Mobility                           (p)ASPEN DENTAL                         Attorney General
PO Box 536216                           PO BOX 1578                             US Department of Justice
Atlanta, GA 30353-6216                  ALBANY NY 12201-1578                    10th Street and Constitution Ave NW
                                                                                Washington, DC 20202-0001


Chevron and Texaco Visa Card            Chevron-Texaco/Synchrony Bank           Discover Bank
c/o Advanced Call Center Technologies   Attn: Bankruptcy Department             Discover Products Inc
PO Box 9091                             PO Box 960012                           PO Box 3025
Johnson City, TN 37615-9091             Orlando, FL 32896-0012                  New Albany, OH  43054-3025


(p)DISCOVER FINANCIAL SERVICES LLC      (p)PERI GARITE                          First National Bank of Omaha
PO BOX 3025                             ATTN CARD WORKS                         PO Box 2557
NEW ALBANY OH 43054-3025                101 CROSSWAYS PARK DR W                 Omaha, NE 68103-2557
                                        WOODBURY NY 11797-2020


Internal Revenue Service                Midland Credit Management, Inc.        Mr. Cooper
PO Box 7346                             Po Box 2037                             Attn: Bankruptcy Department
Philadelphia, PA 19101-7346             Warren MI 48090-2037                    PO Box 619094
                                                                                Dallas, TX 75261-9094


Nationstar Mortgage LLC d/b/a Mr. Cooper (p)PENTAGON FEDERAL CREDIT UNION       (p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO Box 619096                           ATTN BANKRUPTCY DEPARTMENT              PO BOX 41067
Dallas, TX 75261-9096                   P O BOX 1432                            NORFOLK VA 23541-1067
                                        ALEXANDRIA VA 22313-1432


Santander Consumer USA                  Santander Consumer USA, Inc.           TD Bank USA, N.A.
Attn:  Bankruptcy Department            P.O. Box 560284                         C O WEINSTEIN & RILEY, PS
PO Box 560284                           Dallas, TX 75356-0284                   2001 WESTERN AVENUE, STE 400
Dallas, TX 75356-0284                                                           SEATTLE, WA 98121-3132


Target Card Services                    United States Attorney                  (p)CHAPTER 13 STANDING TRUSTEE
PO Box 660170                           Northern District of Alabama            ATTN BRADFORD W CARAWAY
Dallas, TX 75266-0170                   1801 4th Avenue North                   PO BOX 10848
                                        Birmingham, AL 35203-2101               BIRMINGHAM AL 35202-0848


Daisy M. Holder                         Yvonne DeCarlo Johnson
1625 Financial Ctr, 505 20th St N       800 Jeffrey Circle
Birmingham, AL 35203                    Birmingham, AL 35235-2607
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| Aspen Dental<br>PO Box 1578<br>Albany, NY 12201 | Discover Card<br>PO Box 30943<br>Salt Lake City, UT 84130 | First National Bank of Omaha<br>1620 Dodge Street, Stop Code 3129<br>Omaha, Nebraska 68197 |
|---|---|---|
| PENTAGON FEDERAL CREDIT UNION<br>PO Box 1432<br>Alexandria, VA 22313-2032 | Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 | Bradford W. Caraway<br>Chapter 13 Standing Trustee<br>P O Box 10848<br>Birmingham, AL 35202-0848 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| (u)Nationstar Mortgage LLC dba Mr. Cooper | (d)PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | End of Label Matrix<br>Mailable recipients   25<br>Bypassed recipients    2<br>Total                  27 |
|---|---|---|