IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:
Yvonne DeCarlo Johnson                                    Case No. 20-01344-DSC13
Social Security No. XXX-XX-5233

**Debtor(s).**

## CONFIRMATION ORDER

A confirmation hearing was held on 07/28/2020, and it is hereby

**ORDERED, ADJUDGED and DECREED:**

1. The debtor's Chapter 13 plan filed 06/22/2020 (Doc. no. 25) is **CONFIRMED**.

2. Each creditor must file a written proof of claim in the form provided by law to participate in distributions under the plan. Claims will be paid as duly filed, without hearing, unless a written objection is filed as provided by the Bankruptcy Code. If an objection is filed, the court may conduct a hearing to determine the allowed amount of the claim.

The Trustee's objection to Confirmation and Motion to Dismiss are withdrawn.

Pursuant to the Plan, the Chapter 13 case filing fee shall be paid through the Chapter 13 Trustee pursuant to Local Rule 1006-1(c).

3. **Attorney's Fees to be Paid Through the Chapter 13 Trustee:**

Attorney's fees are awarded to **Daisy M. Holder, Atty.** and will be paid by the Chapter 13 Trustee from the Plan payments received from the debtor(s), with the following terms:

The total fee awarded to debtor(s)' attorney is **$3,500.00**. The amount of the attorney's fee paid prepetition is **$0.00**. The balance of the fee to debtor(s)' attorney is **$3,500.00,** as follows: **$300.00** at confirmation, then **$50.00** per month thereafter until paid in full.

These payments shall be made by the Chapter 13 Trustee from plan payments received from the Debtor(s), and shall NOT be paid directly by the Debtor(s).

4. Unless the plan provides otherwise, debtor will continue to pay pre-petition and post-petition utility service debt with all utility providers in the ordinary course of business in lieu of posting a deposit as adequate assurance of future utility payment under § 366 of the U.S. Bankruptcy Code and acknowledges that the automatic stay does not bar a utility's effort to collect pre-petition and post-petition utility service debt.

5. All creditors whose claims are paid direct by debtor are granted limited relief from the automatic stay to contact the debtor by mail or telephone concerning the payment of post-petition (no pre-petition) monthly installment payments.

6. If the debtor has an ongoing child support, alimony, or utility obligation and fails to make any post-petition payment for a debt on that obligation, relief from the automatic stay is granted to collect that, or any future debt, or to enforce any order or contract associated with the obligation.

7. Adequate protection payments made by the Trustee in accordance with 11 U.S.C. § 1326(a)(1) and the debtor's Chapter 13 plan are hereby approved.

8. Pursuant to Part 7 of the debtor(s)' plan, the Trustee will make the monthly payments required in Parts 3 through 6 of the plan, including the distribution of attorney's fees, in the sequence of payments set forth in Administrative Order 17-04.

9. If this case is dismissed, any monies received prior to the order of dismissal shall be distributed according to the confirmed plan.

Dated: August 3, 2020  /s/ D. Sims Crawford
D. SIMS CRAWFORD
United States Bankruptcy Judge